2020 IL App (1st) 191039-U

No. 1-19-1039

SIXTH DIVISION
JUNE 5, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DEWITT O. GRANTON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M1 40040 |
| | ) | |
| FRONTIER REALTY GROUP, INC., | ) | Honorable |
| | ) | Jim Ryan, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Connors and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's judgment where the plaintiff's brief is insufficient to ascertain his claims and he has failed to furnish a sufficient record.

¶ 2    The plaintiff-appellant, Dewitt O. Granton, appeals *pro se* from the circuit court of Cook County's entry of judgment in favor of the defendant-appellee, Frontier Realty, Inc. (Frontier). On appeal, Granton contends that the trial court erred when it permitted argument without the parties "being sworn in," did not hear relevant arguments, and applied a statute of limitations to his claim. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4       The record on appeal does not contain a report of the trial court proceedings. However, the following facts can be gleaned from the limited common law record, which includes Granton's *pro se* complaint, the trial court's order entered after trial, Granton's *pro se* motion to vacate judgment and reconsider, and Granton's *pro se* notice of appeal.

¶ 5       On January 24, 2019, Granton filed a *pro se* complaint against Frontier in the trial court. Granton's complaint alleged that, in November 2016, a water leak in the apartment above him damaged his personal property. His complaint sought reimbursement in the amount of $800 from Frontier for the items that were damaged.[1]

¶ 6       On March 21, 2019, the case proceeded to a bench trial. Following the trial, the trial court entered an order stating that judgment was entered in favor of Frontier.

¶ 7       Granton filed a *pro se* motion to vacate judgment and reconsider, which the trial court denied. This appeal followed.

¶ 8                                    ANALYSIS

¶ 9       We note that we have jurisdiction to consider this matter, as Granton filed a timely notice of appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017). And on March 12, 2020, this court entered an order taking the case on Granton's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

---

[1]Nowhere in Granton's complaint or appellate brief does he explain Frontier's role in the matter. It can be inferred, however, that Frontier owned either Granton's apartment, the apartment above him, or both.

¶ 10    On appeal, Granton contends that the trial court erred by entering judgment for Frontier when the parties were not "sworn in" before arguing the case, the court did not hear "vital" arguments regarding the case, and the statute of limitations did not foreclose his claim.

¶ 11    As a preliminary matter, we note that our review of Granton's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. May 25, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although Granton is a *pro se* litigant, this status does not lessen his burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 12    In this case, although Granton used a form approved by the Illinois Supreme Court when filing his brief, he provides no citations to the record and has failed to articulate a legal argument which would allow a meaningful review of his claim. An appellant is required to cite to the pages and volumes of the record on appeal upon which he relies "so that we are able to assess whether the facts which [the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7). The

facts section of Granton's brief is an incoherent narrative of the case from his perspective. Moreover, although Granton cites several statutes, such as the Lead Poisoning Prevention Act (410 ILCS 45/1 (West 2016)), he fails to identify facts and pertinent legal authority to support his arguments on appeal. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). Not to mention that his arguments are disjointed and unclear at times. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 13    Considering the status of Granton's brief, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the issues in this case are simple and Granton made an effort to present his appeal by use of the approved form brief, we choose not to dismiss the appeal on that ground. See *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983).

¶ 14    That said, the deficiencies in the record still prevent us from reaching the merits of this appeal. Granton, as the appellant, has the burden to provide a complete record for review in the appellate court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. This is because, in order to determine whether there actually was an error, a reviewing court must have a record before it to review. *Id.*

¶ 15    Here, the record on appeal does not contain a report of proceedings from the March 21, 2019 trial or an acceptable substitute, such as a bystander's report or agreed statement of facts pursuant to Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a report of proceedings or an acceptable substitute, we are unable to determine what evidence was admitted or excluded during the trial, or even what arguments were presented. Moreover, we have no record of how the trial court determined that judgment should be entered in Frontier's favor. Under these circumstances, we must presume that the trial court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc*., 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record of the trial, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 16                                    CONCLUSION

¶ 17    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 18    Affirmed.